# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joseph M. Closson
and Susan Closson,
Plaintiffs Below, Petitioners**

**FILED**

**November 10, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 15-0820** (Marion County 07-C-71)

**Mountaineer Grading Company and
Thrasher Engineering, Inc.,
Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Joseph and Susan Closson ("petitioners"), by counsel Edmund J. Rollo, appeal the order of the Circuit Court of Marion County, entered on July 27, 2015, denying their motion for a new trial. Respondent Thrasher Engineering, Inc. ("respondent") appears by counsel John B. Cromer. Though named as a respondent, Mountaineer Grading Company ("Mountaineer Grading") has not participated in this appeal, and the circuit court noted that it stopped participating in litigation several years before entry of the that court's judgment.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioners, through their limited liability company, purchased ten acres of undeveloped valley property in Marion County in 2001 for $50,000. Pursuant to a contract, petitioners allowed Mountaineer Grading to use this valley property for waste fill disposal related to a "gateway connector" construction project from Interstate 79, in return for payment of $226,098.25.  The agreement between petitioners and Mountaineer Grading specified the type of and manner in which waste fill would be deposited on the property, and provided that a testing agency would certify the property upon completion of the project. Mountaineer Grading ultimately hired respondent to perform that testing, but respondent was not a party to the contract between Mountaineer Grading and petitioners, and did not participate in the contract negotiations. Respondent provided petitioners with a letter of certification in October of 2005.

Petitioners filed a complaint in the Circuit Court of Marion County in 2007, asserting breach of contract and breach of the covenant of good faith and fair dealing by Mountaineer Grading. One year later, they filed an amended complaint adding respondent and asserting that respondent breached its contract with Mountaineer Grading, was negligent, and breached its

1

duties and obligations to them, the "third-party beneficiar[ies]" of the contract between Mountaineer Grading and respondent. In short, petitioners alleged that the upper five feet of the fill material left on the property did not meet contract specifications. The circuit court dismissed petitioners' breach of contract claim against respondent by order entered on October 18, 2010, on the ground that there was no contractual relationship between petitioners and respondent. Later, the circuit court granted a motion by respondent to limit potential damages to the diminution of petitioners' property value rather than the cost of remediation, inasmuch as the cost of remediation was expected to substantially exceed the value of the property.

The circuit court tried the case in August of 2014, with Mountaineer Grading making no appearance. The jury found in favor of petitioners and awarded them $126,000 for their contractual claim against Mountaineer Grading, and $25,000 for their negligence claim against respondent, but the jury also found comparative negligence of 49% on the part of petitioners. On that basis, the circuit court ordered the verdict molded, resulting in judgment of $126,000 against Mountaineer Grading, and $12,750 against respondent. The judgment order was entered in March of 2015. Petitioners filed a motion for a new trial and to amend judgment or for relief from judgment on the asserted bases that they should have been permitted to assert a breach of contract claim, that they should have been permitted to offer evidence of the cost of remediation of the property, and that they were not comparatively negligent. The court denied the motion for a new trial, but amended judgment as described above, and this appeal followed.

On appeal, petitioners assert three assignments of error: that the lower court erred in requiring petitioners to be the "sole beneficiary" of the contract between respondent and Mountaineer Grading to recover on contractual claims; that the circuit court erred in limiting their recovery to the pre-injury value of the property; and that the circuit court erred in confirming the jury's finding that they were contributorily negligent. Inasmuch as we are considering petitioners' arguments in relation to the circuit court's denial of their motion for a new trial, we review the assignments of error under an abuse of discretion standard. *See, State v. Crouch*, 191 W.Va. 272, 275, 445 S.E.2d 213, 216 (1994) ("The question of whether a new trial should be granted is within the sound discretion of the trial court and is reviewable only in the case of abuse."); *Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995) ("We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard."); Syllabus Point 4, in part, *Sanders v. Georgia–Pacific Corp.*, 159 W.Va. 621, 225 S.E.2d 218 (1976)( "[t]he ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, [and] the trial court's ruling will be reversed on appeal [only] when it is clear that the trial court has acted under some misapprehension of the law or the evidence."). *Williams v. Charleston Area Med. Ctr.*, 215 W.Va. 15, 18, 592 S.E.2d 794, 797 (2003)(quoting *Tennant v. Marion Health Care Found., Inc.*, 194 W.Va. 97, 104, 459 S.E.2d 374, 381 (1995))].

We begin with petitioners' first assignment of error, in which they argue that they need not be the "sole beneficiary" of the contract between respondent and Mountaineer Grading to enjoy recovery. Petitioners advance this argument because they were not parties to the contract, and the circuit court acknowledged that "'[t]his Court has held that in order for a contract concerning a third party to give rise to an independent cause of action in the third party, it must

have been made for the third party's sole benefit.'" *Eastern Steel Constructors v. City of Salem*, 209 W.Va. 392, 404, 549 S.E.2d 266, 278 (2001), *quoting Robinson v. Cabell Huntington Hosp., Inc.*, 201 W.Va. 455, 460, 498 S.E.2d 27, 32 (1997). Our holding in that regard is derivative of West Virginia Code § 55-8-12, which provides:

> If a covenant or promise be made for the sole benefit of a person with whom it is not made, or with whom it is made jointly with others, such person may maintain, in his own name, any action thereon which he might maintain in case it had been made with him only, and the consideration had moved from him to the party making such covenant or promise.

Petitioner urges a thorny application of the Code text, suggesting that we have heretofore ignored the "significant" phrase, "or with whom it is made jointly with others." This phrase, they argue, conveys the Legislature's contemplation that "a person is a 'third-party beneficiary' when the covenant or promise benefits multiple parties and not just one party." Even entertaining petitioners' elucidation, however, we find that no third-party beneficiary status has been conferred. The agreement at issue was neither made for petitioners' sole benefit, nor was "made" by petitioners "jointly with others." We find no merit in petitioners' argument in this regard.

Next, we consider petitioners' second assignment of error, in which they argue that the circuit court improperly limited the measure of damages to the difference in the value of the property before and after the injury based on our prior holding that

> [w]hen realty is injured the owner may recover the cost of repairing it, plus his expenses stemming from the injury, including loss of use during the repair period. If the injury cannot be repaired or the cost of repair would exceed the property's market value, then the owner may recover its lost value, plus his expenses stemming from the injury including loss of use during the time he has been deprived of his property.

Syl. Pt. 2, *Jarrett v. E. L. Harper & Son, Inc.*, 160 W. Va. 399, 399, 235 S.E.2d 362, 363 (1977) holding modified by Syl. Pt. 4, *Brooks v. City of Huntington*, 234 W. Va. 607, 768 S.E.2d 97 (2014).[1] Petitioners argue, however, that they should be entitled to recover the full cost of

---

[1] We note that after the trial of petitioners' claims, but prior to the filing of petitioners' brief, we issued the *Brooks* opinion. In syllabus point 4 of *Brooks*, we modified syllabus point 2 of *Jarrett*, explaining in part that "[w]hen residential real property is damaged, the owner may recover the reasonable cost of repairing it even if the costs exceed its fair market value before the damage. . . ." In discussing the modification, we noted that the Restatement position suggested that recovery for repairs, though excessive of prior market value, may be appropriate "if a building such as a homestead is used for a purpose personal to the owner. . . ." *Brooks*, 234 W.Va. at 613, 768 S.E.2d at 103. Petitioners do not refer to *Brooks* and, consequently, do not argue that the concepts springing from that case should extend to commercial property or be applied retroactively. They suggest, without citation to the appendix record on appeal, that the "property was . . . in essence, their retirement," but otherwise offer no evidence of a "personal"

restoring the damaged property, regardless whether that cost exceeds diminution in the prior market value of the property. Despite petitioners' arguments to the contrary, the meaning of *Jarrett* is clear. The circuit court appropriately limited the measure of damages under the circumstances presented to us.

Finally, we turn to petitioners' third assignment of error, in which they argue that the circuit court failed to set aside the jury finding that they were contributorily negligent in the events leading to this action. The scant two paragraphs that petitioners offer in support of this argument—consisting primarily of the conclusory statement that "the evidence is clear that [petitioners] owed no duty to [respondent]"—include no citations to the appendix record on appeal, and offer little in the way of illumination. A party's brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal. *See* Rule 10(c)(7) West Virginia Rules of Appellate Procedure. We find the requisite citations for specific evidence lacking such that we are unable to consider petitioners' claims related to this third assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 10, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis

---

purpose behind the use of their commercial property. We thus leave any question about the application of *Brooks* to commercial property for another day.